**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: April 10 2015

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case No. 14-31177 |
| | ) | |
| Carolyn Ann Terry | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

## ORDER

The court held a hearing on April 7, 2015, on the Application for Compensation [Doc. # 39] filed by former chapter 7 trustee Louis J. Yoppolo.

Trustee Yoppolo resigned as trustee in this case. The United States Trustee appointed Douglas A. Dymarkowski as successor trustee. In connection with his resignation, former trustee Yoppolo filed his final Form 1-Individual Estate Property Record and Report. [Doc. # 47]. The report confirmed that he turned over the sum of $3,141.00 to Dymarkowski. Yoppolo filed the instant application for interim compensation as initial trustee calculated based on the funds turned over to successor trustee.[1] The application seeks immediate payment of an interim commission of $785.25. This amount is 25% of the $3,141.00 he turned over to successor trustee. *See* 11 U.S.C. §

---

[1] Yoppolo also filed an application for payment of his fees as attorney for the trustee, which was heard at the same time and is being granted by separate order of the court.

326(a).

Estate administration is not finished. Successor trustee must continue to collect monthly payments of $785.25 directly from Debtor based on Yoppolo's previously approved compromise with Debtor of the estate's and Debtor's relative interests in an annuity. [Doc. ## 34-35]. The settlement obligates Debtor to make 36 consecutive monthly payments, four of which are shown on Yoppolo's Form 1. Any collection difficulties that might be encountered by successor trustee during the lengthy settlement period will likely necessitate additional administrative expenses, including potentially for additional attorney's fees and costs. The likelihood and amount of any such additional administrative expenses are unknown and unknowable now.

Section 326(c) of the Bankruptcy Code governs compensation when more than one trustee has served in a case. 11 U.S.C. § 326(c). Where more than one person serves as trustee, "the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed for a single trustee by subsection (a) or (b) of this section, as the case may be." [*Id.*]. In turn, § 326(a) allows the court to award a trustee reasonable compensation, subject to a statutory cap based on a sliding scale percentage of funds disbursed to parties in interest. 11 U.S.C. § 326(a). And although § 326(c) caps the compensation to multiple trustees, the Bankruptcy Code is otherwise ambiguous as to how multiple trustees in a case should divide that compensation. *In re Calhoun*, 430 B.R. 536, 537 (Bankr. W.D. Wis. 2010). As a result, bankruptcy courts have developed different principles for division of the maximum compensation pot, albeit generally looking to equity as a guide. *Compare, e.g., In re Frost*, 214 B.R. 295 (S.D.N.Y. 1997) *and In re Calhoun*, 430 B.R. at 538-39.

There is a long way to go in collecting assets in this case. Neither the amount to be collected and then disbursed to parties in interest, upon which the total maximum trustee compensation will be based under § 362(a) and (c), nor an appropriate division between the two trustees of whatever that amount might turn out to be, can be determined now. The court will therefore hold Yoppolo's application in abeyance pending successor trustee's final report in this case, at which time the maximum compensation pot to be shared by the two trustees, as well as an appropriate division of that pot, can be figured out. There is simply too much collection uncertainty to permit even an interim distribution to Yoppolo now. *Cf. In re Bank of New England Corp.*, 134 B.R. 450 (Bankr. D. Mass. 1991), *aff'd* 142 B.R. 584 (D. Mass. 1992).

For good cause shown,

**IT IS THEREFORE ORDERED** that the Application for Compensation [Doc. # 39] filed by initial trustee Louis J. Yoppolo will be held in abeyance by the court pending filing of the successor trustee's final report and further order of the court in this case.

# # #